IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| VINCENT PHILLIPS,<br><br>Plaintiff,<br><br>v.<br><br>DONALD VALENZA,<br>HOUSTON COUNTY JAIL,<br>JASON SMOAK, and<br>KITCHEN STEWARDESS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:26-CV-500-WKW<br>[WO] |

**MEMORANDUM OPINION AND ORDER**

## I. INTRODUCTION

On June 22, 2026, a *pro se* 42 U.S.C. § 1983 complaint filed by Plaintiff Vincent Phillips and seven other inmates detained at the Houston County Jail was received by the court and docketed. (Doc. # 1.) On June 25, 2026, an Order was issued, directing that separate civil actions be opened for the seven other plaintiffs. (Doc. # 4.) The complaint is before the court for screening under 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii) and 1915A(b)(1)–(2). After review, Plaintiff's claims against the Houston County Jail must be dismissed prior to service of process pursuant to §§ 1915(e)(2)(B) and 1915A(b); however, this action will continue against the remaining Defendants, and service will be ordered as to these Defendants.

## II. STANDARD OF REVIEW

Plaintiff, an inmate, is proceeding *in forma pauperis* (IFP). (Doc. # 7.) Under the IFP provisions of § 1915, any complaint filed is subject to mandatory court review. Because Plaintiff is seeking redress from state governmental officers or employees, the complaint also is subject to screening under 28 U.S.C. § 1915A. Sections 1915 and 1915A require the court to dismiss a complaint, or any part of it, on its own initiative, if the allegations are frivolous, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B)(i)–(iii); § 1915A(b)(1)–(2).[1]

A complaint is subject to dismissal "for both frivolousness and failure to state a claim" if it "lacks even an arguable basis in law." *Toussaint v. U.S. Attorney's Off.*, 2025 WL 2237376, at *3 (11th Cir. Aug. 6, 2025) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)). A complaint lacks an arguable basis in law when it relies on "an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. Such claims include those where "it is clear that the defendants are immune from

[1] The language in § 1915(e)(2)(B)(i)–(iii) is nearly identical to the language in § 1915A(b)(1)–(2). The Eleventh Circuit applies the same standards when evaluating complaints under both statutes. *See Hutchinson v. Wexford Health Servs., Inc.*, 638 F. App'x 930, 932 (11th Cir. 2016) (per curiam) (observing that even if the district court had screened the complaint under the wrong statute, the outcome would have been the same because the standards under §§ 1915(e)(2)(B) and 1915A(b) are effectively identical). Therefore, this court applies the Eleventh Circuit's interpretation of one statute to the other.

suit" and claims alleging infringement of a legal interest that "clearly does not exist." *Id.* (citation omitted).

### III. PLAINTIFF'S CLAIMS AGAINST THE HOUSTON COUNTY JAIL

Plaintiff brings this suit under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements. First, he must allege a violation of a right protected by federal laws, and second, he must allege that the violation was committed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *accord Beaubrun v. Dodge State Prison*, 2025 WL 2490396, at *3 (11th Cir. Aug. 29, 2025) (per curiam).

Plaintiff names the Houston County Jail as a Defendant in this action. However, the Houston County Jail is not an entity capable of being sued under § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of an entity that is not an individual or a corporation to sue or be sued is determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3). Under Alabama law, "[t]he sheriff has the legal custody and charge of the jail in his or her county and all prisoners committed thereto," Ala. Code § 14-6-1, and the county

sheriff's office generally operates the county jail. An Alabama county sheriff's department lacks the capacity to be sued under § 1983. *See Dean*, 951 F.2d at 1214–15. A county jail, as a subdivision of the county sheriff's department, thus also is not a suable entity under § 1983. *See, e.g.*, *Davis v. Montgomery Cnty. Det. Facility*, 2019 WL 1048842, at *2 (M.D. Ala. Mar. 5, 2019) (dismissing inmate-plaintiff's claims against detention facility because, "[t]o allege a viable § 1983 claim, a plaintiff must name as a defendant an entity subject to being sued" and "a building or structure used by a sheriff's department is not a legal entity subject to suit"), *aff'd sub nom. Davis v. Montgomery Cnty. Comm'n*, 817 F. App'x 932 (11th Cir. 2020).

Because the Houston County Jail is not a legal entity subject to suit or liability under § 1983, all claims against it are "based on an indisputably meritless legal theory" and must be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).

## IV. CONCLUSION

Based on the foregoing, it is ORDERED as follows:

(1) Plaintiff's 42 U.S.C. § 1983 claims against the Houston County Jail are DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(i)–(ii) and 1915A(b)(1).

(2) The Clerk of Court is DIRECTED to terminate the Houston County Jail as a party to this action.

(3) The Clerk of Court is further DIRECTED to (a) send a copy of this Memorandum Opinion and Order to Plaintiff and (b) serve a copy of this Memorandum Opinion and Order, the summons, and the complaint (Doc. # 1) via certified mail on the remaining Defendants.

(4) It is Plaintiff's responsibility to provide the Clerk's Office with an accurate address for each Defendant. Without an accurate address, service of process cannot be perfected. It is also Plaintiff's responsibility to monitor proceedings and make sure that service has been completed. Except in very unusual circumstances, a person not properly served will not be deemed a party to this case.

(5) If a service recipient will not accept service for a named Defendant, the service recipient is DIRECTED to so advise the court and provide the court with Defendant's last known address and phone number. This information may be filed with the Clerk of Court in response to this Memorandum Opinion and Order and may be filed under seal.

(6) Defendants are ordered to answer or otherwise respond by motion, in accordance with Rule 12 of the Federal Rules of Civil Procedure, **within twenty-one (21) days of being served**.

DONE this 19th day of August, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE