IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| VINCENT PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:26-CV-500-WKW |
| | ) | [WO] |
| DONALD VALENZA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

### **A. Introduction**

On June 22, 2026, a *pro se* 42 U.S.C. § 1983 complaint filed by Plaintiff Vincent Phillips and seven other inmates detained at the Houston County Jail was received by the court and docketed. (Doc. # 1.) On June 25, 2026, an Order was issued, directing that separate actions be opened for the seven other plaintiffs. (Doc. # 4.) At the time of filing, Plaintiff filed an application for leave to proceed *in forma pauperis* (Doc. # 2) and a copy of his prisoner trust fund account statement (Doc. # 3). By Order dated July 1, 2026, Plaintiff's *in forma pauperis* application was granted. (Doc. # 5.)

By Memorandum Opinion and Order dated August 19, 2026, Plaintiff's claims against the Houston County Jail were dismissed at screening and service was ordered on the remaining Defendants—Donald Valenza; Jason Smoak; and "Kitchen

Stewardess." (Doc. # 6.) On September 11, 2026, Defendants Valenza and Smoak filed a motion to dismiss and brief in support. (Docs. # 9, 10.) In an Order issued on September 14, 2026, Plaintiff was instructed to file a response to Defendants' motion to dismiss and brief in support. (Doc. # 14 ("September 14 Order").)

Two matters are before the court. The first is Plaintiff's failure to respond to Defendants Valenza and Smoak's motion to dismiss. The second is the failure to perfect service on Defendant "Kitchen Stewardess." Each matter will be addressed in turn.

**B. <u>Plaintiff's Failure to Respond to Defendants Valenza and Smoak's Motion to Dismiss</u>**

The September 14 Order directing Plaintiff to respond to Valenza and Smoak's motion to dismiss set a deadline of October 5, 2026, and expressly cautioned Plaintiff that his failure to file a timely response would result in dismissal for failure to prosecute and comply with an order of the court. (Doc. # 14.) The deadline imposed by the September 14 Order has passed, and Plaintiff has failed to comply with the Order's directives. Consequently, Plaintiff's claims against Defendants Valenza and Smoak will be dismissed without prejudice.

The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). "In addition to its power under Rule 41(b), a court also has the

inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006).

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair v. Johnson*, 143 F.4th 1301, 1306 (11th Cir. 2025), *cert. denied*, 146 S. Ct. 2622 (2026). Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

Because Plaintiff has failed to comply with the September 14 Order, despite its express directives and warnings, his claims against Defendants Valenza and Smoak will be dismissed without prejudice. No lesser sanction would be effective.

**C. <u>Failure to Perfect Service on "Kitchen Stewardess"</u>**

Rule 4(m) of the Federal Rules of Civil Procedure requires that the court either dismiss a defendant who is not served within 90 days after the complaint is filed "or order that service be made within a specified time" unless "the plaintiff shows good

cause for the failure." Fed. R. Civ. P. 4(m). In cases where the plaintiff has provided enough information such that a defendant can be identified and located with reasonable effort, good cause exists to excuse the plaintiff's failure to serve the defendant within the time limit imposed by Rule 4(m). *See Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) (per curiam).

Service was first attempted on "Kitchen Stewardess" at the address provided by Plaintiff (*i.e.*, the Houston County Jail) on August 26, 2026. (Doc. # 8.) Although someone signed the certified mail return receipt card on behalf of "Kitchen Stewardess," that person did not specify whether they were an agent or addressee. (*See* Doc. # 8.) This attempt at serving "Kitchen Stewardess" was unsuccessful. Accordingly, Plaintiff will be required to provide additional identifying information about "Kitchen Stewardess," as that title could apply to a number of different people.

**D. Conclusion**

Based on the foregoing, it is ORDERED that

(1) Plaintiff's claims against Donald Valenza and Jason Smoak are DISMISSED without prejudice;

(2) Defendants' Motion to Dismiss (Doc. # 9) is DENIED as moot; and

(3) The Clerk of Court is DIRECTED to terminate Donald Valenza and Jason Smoak as Defendants in this action.

It is further ORDERED that, on or before **November 4, 2026**, Plaintiff shall provide additional identifying information about "Kitchen Stewardess" to aid in perfecting service on this Defendant. If Plaintiff is unable to provide any additional identifying information regarding "Kitchen Stewardess," his claims against this Defendant will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

DONE this 21st day of October, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE