IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| VINCENT PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:26-CV-500-WKW |
| | ) | [WO] |
| KITCHEN STEWARDESS, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

## A. Introduction

On May 29, 2026,[1] Plaintiff Vincent Phillips and seven other inmates detained at the Houston County Jail filed a *pro se* 42 U.S.C. § 1983 complaint. (Doc. # 1.) By Order dated June 25, 2026, this case was assigned to Plaintiff, and separate civil actions were opened for the seven other plaintiffs. (Doc # 4.) At the time of filing, Plaintiff submitted an application for leave to proceed *in forma pauperis* (Doc. # 2) and a copy of his prisoner trust fund account statement (Doc. # 3). On July 1, 2026, Plaintiff's *in forma pauperis* application was granted. (Doc. # 5.)

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Absent evidence to the contrary, the court "assume[s] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (per curiam). The complaint is signed and dated "5-29-2026." (Doc. # 1 at 4.) Therefore, even though the complaint was not received by the court and docketed until June 22, 2026, it is deemed filed on May 29, 2026.

In a Memorandum Opinion and Order dated August 19, 2026, Plaintiff's claims against the Houston County Jail were dismissed at screening, and service was ordered on the remaining Defendants—Donald Valenza; Jason Smoak; and "Kitchen Stewardess." (Doc. # 6.) Valenza and Smoak were successfully served, and on September 11, 2026, these Defendants filed a motion to dismiss and brief in support. (Docs. # 9, 10.) By Order issued on September 14, 2026, Plaintiff was instructed to file a response to Valenza and Smoak's motion to dismiss and brief in support. (Doc. # 14.) Plaintiff did not respond, and his claims against Valenza and Smoak were dismissed on October 21, 2026. (Doc. # 17 ("October 21 Mem. Op. & Order").)

The only remaining Defendant in this action is "Kitchen Stewardess." Service was attempted on "Kitchen Stewardess" in August 2026 at the address provided by Plaintiff (*i.e.*, the Houston County Jail). (Doc. # 8.) Although someone signed the certified-mail return receipt card on behalf of "Kitchen Stewardess," that person did not specify whether he or she was an agent or addressee. (Doc. # 8.) This attempt at serving "Kitchen Stewardess" was unsuccessful. The October 21 Mem. Op. & Order directed Plaintiff to provide additional identifying information about "Kitchen Stewardess" to facilitate service because the title "Kitchen Stewardess" could refer to multiple individuals. It set a deadline of November 4, 2026, for Plaintiff to provide that information. (Doc. # 17 at 5.) To date, Plaintiff has not provided

additional identifying information for "Kitchen Stewardess," and this Defendant still has not been served.

**B. <u>Fictitious-Party Pleading</u>**

Plaintiff's naming "Kitchen Stewardess" as a Defendant constitutes improper fictitious-party pleading. Generally, "fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam). The Eleventh Circuit recognizes a limited exception to the general rule: when the plaintiff's description of an unnamed defendant is specific enough to allow service of process on that defendant. *See Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992). In deciding if a plaintiff should be allowed to proceed against an unnamed, fictitious defendant, a relevant consideration is whether "it [is] clear that discovery would uncover [the] defendant's identity." *Id.* "But [Eleventh Circuit] precedent has never permitted [fictitious-party] pleading solely on the ground that discovery might reveal an unnamed defendant's identity. Instead, . . . precedent has always required an unambiguous description of a defendant that enables service of process." *Vielma v. Gruler*, 808 F. App'x 872, 880 (11th Cir. 2020) (per curiam); *see Richardson*, 598 F.3d at 738 (affirming dismissal of a defendant identified as "John Doe (Unknown Legal Name), Guard, Charlotte Correctional Institute" because that description "was insufficient to identify the defendant among the many guards employed at CCI").

Similar to the John Doe defendant in *Richardson*, the title "Kitchen Stewardess" could refer to a number of different people employed at the Houston County Jail. Although it is *possible* that "Kitchen Stewardess" could be identified through discovery, Eleventh Circuit precedent requires "an unambiguous description of a defendant that enables service of process." *Vielma*, 808 F. App'x at 880. Plaintiff has not provided such description but will be provided an opportunity to do so.

**C. <u>Conclusion</u>**

Based on the foregoing, it is ORDERED that, on or before **November 27, 2026**, Plaintiff shall provide "an unambiguous description" of "Kitchen Stewardess" that will "enable[] service of process" on this Defendant. *See Vielma*, 808 F. App'x at 880.

Plaintiff is CAUTIONED that his failure to comply with the provisions of this Memorandum Opinion and Order will result in dismissal without further notice for failure to prosecute and comply with an order of the court.

DONE this 13th day of November, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE